UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MARCUS J. SMITH, BRAXTON ROBERTS, and TYRON BLAND, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) 2:25-CV-4-KAC-CRW ) |
| WASHINGTON COUNTY DETENTION CENTER, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is (1) a pro se Complaint under 42 U.S.C. § 1983 signed by Washington County Detention Center prisoners Marcus J. Smith, Braxton Roberts, and Tyron Bland (collectively "Plaintiffs") [Doc. 2], and (2) a Motion for leave to proceed *in forma pauperis* [Doc. 1] purportedly related to this entire action but signed only by Plaintiff Smith, [*see* Doc. 1 at 3]. For the reasons set forth below, the Court (1) disallows joinder of Plaintiffs, dismissing Plaintiffs Roberts and Bland from this action without prejudice and (2) permits Plaintiff Smith to proceed *in forma pauperis* in this action.

**I.    NO JOINDER OF PLAINTIFFS ROBERTS AND BLAND**

Federal Rule of Civil Procedure 20(a)(1) allows the permissive joinder of plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Where appropriate, the joinder of parties is "strongly encouraged" for

purposes of judicial economy and fairness. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

There are, however, significant practical challenges with allowing multiple-plaintiff prisoner litigation. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009) (collecting cases noting challenges). Among other things, these challenges include the "need for each plaintiff to sign every pleading," the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent." *See id.* (citations omitted). These challenges "make joint litigation exceptionally difficult" in prisoner cases. *Id.*

Here, one of those practical challenges has already occurred—the Motion for leave to proceed *in forma pauperis* [Doc. 1] is only signed by one of the three purported plaintiffs in this action [*See* Doc. 1 at 3]. And the Motion only provides information regarding Plaintiff Smith's ability to pay the filing fee in a lump sum [*See* Doc. 1]. These practical problems are only likely to compound as this action moves forward. Therefore, the Court concludes that the practical challenges of multiple-plaintiff litigation, which are already manifest here, counsel against the permissive joinder of Plaintiffs Roberts and Bland. And it is not appropriate for Plaintiffs to proceed jointly in this action.

Under Rule 21, the Court may sever this action to allow each Plaintiff to proceed separately. *See* Fed. R. Civ. P. 21. But the Court declines to do so sua sponte because neither Plaintiff Roberts nor Plaintiff Bland signed the motion to proceed *in forma pauperis* or provided their financial information [*See* Doc. 1]. *See* Fed. R. Civ. P. 11(a) (requiring every document to

be signed by a party personally if the party is unrepresented); E.D. Tenn. L.R. 83.13 (same). As such, it is unclear that either of them desires to proceed individually. Accordingly, the Court **DISMISSES** Plaintiffs Roberts and Bland from this action without prejudice.

If either Plaintiff Roberts or Plaintiff Bland wishes to proceed in a Section 1983 action, he must (1) file a personally signed Section 1983 complaint that contains a short and plain statement of his claims, and (2) either (a) pay the $405.00 filing fee or (b) submit a proper application to proceed *in forma pauperis*.[1] The Court **DIRECTS** the Clerk to send Plaintiffs Roberts and Bland each a Section 1983 form and documents to seek leave to proceed *in forma pauperis*. **Plaintiffs Roberts and Bland should only return the documents to the Court if he wishes to initiate his own Section 1983 action.**

## II. PLAINTIFF SMITH

Plaintiff Smith signed the Complaint [Doc. 2] and submitted the appropriate documents to proceed *in forma pauperis* [Doc. 1]. Under the PLRA, a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff Smith's motion that he lacks the financial resources to pay the filing fee in a lump sum. Therefore, under 28 U.S.C. § 1915, the Court **GRANTS** his Motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The Courts **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's

---

[1] Under the Prison Litigation Reform Act (PLRA), a prisoner who files a complaint in a district court must (1) tender the full filing fee *or* (2) he must file (a) an application to proceed *in forma pauperis* without prepayment of fees *and* (b) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2).

3

preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to (1) mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff Smith is now confined and (2) furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff Smith's prison file and follow him if he is transferred to another correctional institution.

The Court **WILL NOT** consider any amendments and/or supplements to the Complaint or any other kind of motion for relief until after the Court has screened the Complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the Complaint and/or motions filed before the Court has completed this screening.

Finally, the Court **ORDERS** Plaintiff Smith to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

　　　　　　　　　　　　　　　　　　/s/ Katherine A. Crytzer
　　　　　　　　　　　　　　　　　　KATHERINE A. CRYTZER
　　　　　　　　　　　　　　　　　　United States District Judge